UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNE STAUFFER, <br><br> Plaintiff, <br><br> v. <br><br> KELLY MILLER, <br><br> Defendant. | Misc. Action No. 14-MC-454 (ABJ-AK) |

## MEMORANDUM ORDER

This subpoena matter was referred to the undersigned by United States District Judge Amy Berman Jackson on May 6, 2014, for determination pursuant to LCvR 72.2(a). (Order of Referral [3]; Referral [4]). Pending before the Court are the Library of Congress's Motion to Quash ("Motion") [2]; Kelly Miller's ("Defendant") Motion to Compel and Motion for Writ of Mandamus ("Opposition") [5]; and the Library of Congress's Opposition to Defendant's Motion to Compel ("Reply") [6]. Also pending are Kelly Miller's Notice of Second Request for Hearing[1] ("Hearing Motion") [8]; and the Library of Congress's Opposition to Defendant's Motion for Hearing ("Hearing Opposition") [9]. Finally, Defendant filed a Motion for ECF Password [7] and a Motion to Use a PO Box[2] [10], both of which are unopposed.

Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole, the undersigned concludes that the law and facts at stake are relatively discrete and do not require a hearing, and therefore the Court will DENY Defendant's Motion for Hearing [8];

---

[1] The docket of the subpoena matter in this Court does not reflect a first request for a hearing.
[2] Mail sent by the Court to the postal mail address listed for Defendant on the Court's Electronic Court Filing System (ECF) was returned to sender. The Court then resent the mail to the Defendant's Post Office Box on June 26, 2014.

1

DENY Defendant's Motion to Compel, and Motion for Writ of Mandamus [5]; GRANT the Library of Congress's Motion to Quash [2]; and GRANT Defendant's Motion for ECF Password [7] and Motion to use a PO Box [10].

### I. Background

The underlying action is a suit in the Superior Court of the District of Columbia in which Kelly Miller is the Defendant. *Stauffer v. Miller*, 2014-CPO-000658. In that Superior Court case, Defendant requested and the Deputy Clerk issued two subpoenas *duces tecum* ("Subpoenas") to Library of Congress Records Custodian Emily Vartanian, a non-party in the Superior Court suit, on May 2, 2014. (Motion Exh. 1 (Subpoenas)). The Subpoenas requested, "Official notarized copies of both the entry log to the Reader Room and the entry log to utilize computers for March 24, 2014," and "Forensics statement in laymans terms of verified electronic identification of computer program user utilizing computers and a printer to print out Facebook pages on March 14, 2014 and March 24, 2014 from the Library of Congress Newspapers/Periodicals Reader Room." (Motion Exh. 1 (Subpoenas)).

The Library of Congress removed the subpoena matter to this Court on May 6, 2014, without removing the remainder of the Superior Court suit. (Notice of Removal [1]). The Library of Congress moved this Court to quash the Subpoenas. (Motion [2]). United States District Judge Amy Berman Jackson referred the subpoena matter to the undersigned for determination on May 6, 2014. (Order of Referral [3]).

Defendant, proceeding *pro se*, filed a "Motion to Compel, Scope of Relevance, Certificate of Good Faith Attempts to Resolve Discovery Dispute and Motion for Writ of Mandamus." (Opposition [5]). The undersigned will treat this motion as Defendant's Opposition

to the Library of Congress's Motion to Quash. The Library of Congress filed an "Opposition to Defendant's Motion to Compel and Motion for Writ of Mandamus," (Reply [6]), which the undersigned will treat as a Reply to Defendant's Opposition to the Motion to Quash. Defendant also filed a "Notice of Second Request for Hearing" (Hearing Motion [8]). The Library of Congress then filed an "Opposition to Defendant's Notice of Second Request for Hearing," (Hearing Opposition [9]).

## II. Analysis

### A. Removal

As a threshold matter, the Court finds that removal of the subpoena matter to this Court was proper. The Library of Congress removed the subpoena matter under 28 U.S.C. § 1442, which provides that:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending…
> **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office…

28 U.S.C. § 1442(a).

The questions are whether, for the purpose of section 1442 removal, a subpoena is a civil action; whether the Superior Court of the District of Columbia is a State court; whether the Library of Congress is an agency; whether a subpoena against a non-party may be removed; whether a subpoena directed at an employee is equivalent to a subpoena directed at an agency or officer; and whether the Subpoenas here are related to an act under color of such office.

For purposes of section 1442, a "civil action" is defined to include, "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C.

3

§ 1442(d)(1). Further, the statute defines State to include the District Columbia and State court to include the Superior Court of the District of Columbia. § 1442(d)(5)-(6).

For purposes of section 1442, agency is defined as, "any department, independent establishment, commission, administration, authority, board or bureau of the United States." 28 U.S.C. § 451. The Library of Congress is part of the legislative branch. *Judd v. Billington*, 863 F.2d 103, 104 (D.C. Cir. 1988) (citing 2 U.S.C. § 171(1)). At least one other section of the United States Code refers to the Library of Congress and other such Congressional entities as "legislative branch agencies." 2 U.S.C. § 181. Given these facts, the Court finds the Library of Congress is an agency for purpose of the removal statute.

Further, it is not necessary for removal jurisdiction that the agency be a named party to the suit. Removal under 1442 is also an option when the agency is a non-party. *See*, *e.g.*, *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408,413-14 (non-party Congressmen subpoenaed in State court properly removed action to federal court); *Moore's Federal Practice*¸ § 107.15[1][b][iii] (Matthew Bender 3d ed.) ("[F]ederal officers that are not named as parties may remove actions that interfere with the performance of their duties.").

A subpoena commanding a federal agency to produce its records is considered to be directed at the agency itself, even if nominally directed at an employee. *In re Subpoena In Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008) (citing *Boron Oil Co. v. Downie,* 873 F.2d 67, 70-71 (4th Cir.1989); *Sharon Lease Oil Co. v. FERC,* 691 F.Supp. 381, 383-84 (D.D.C.1988)). Here, the Subpoenas were directed at Emily Vartanian, apparently in her capacity as Records Custodian at the Library of Congress. (Motion Exh. 1 ("Subpoenas")). Therefore, the Subpoenas were directed at the Library of Congress itself.

An act "under color of such office" has been interpreted to require removal to "be predicated on the allegation of a colorable federal defense." *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 413 (D.C. Cir. 1995) (quoting *Mesa v. California*, 489 U.S. 121, 129 (1989)). In this case, the Library of Congress has asserted a defense of sovereign immunity. The sovereign immunity of a federal official is a federal defense, and, "[O]ne of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969). "Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum. This policy should not be frustrated by a narrow, grudging interpretation of s[ection] 1442(a)(1)." *Id.* at 407. Because these Subpoenas demand that a federal officer provide official records, it satisfies the broad interpretation of an act under color of such office.

This subpoena matter is a civil action in a State court directed at a federal agency, the Library of Congress. The Subpoenas are specifically directed to an officer of the agency who, at the time of the underlying events, was acting under color of her office. For these reasons, removal to this Court was proper.

**B. Sovereign Immunity**

Sovereign immunity prevents federal agencies from being compelled to respond to subpoenas issued by a State court. *See Santini v. Herman*, 456 F.Supp.2d 69 (D.D.C. 2006) ("In state court, sovereign immunity shields the federal government, thereby preventing the state court from enforcing a subpoena.") (citing *Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency,* 86 F.3d 1208, 1211 (D.C. Cir.1996)). The Library of Congress, as a Congressional agency, is protected by sovereign immunity absent a waiver. *See Library of Congress v. Shaw*, 478 U.S. 310 (1986) (holding that Library of Congress is protected by

5

sovereign immunity absent a waiver in the context of interest on attorney's fees awarded under the Civil Rights Act); *Clark v. Library of Congress*, 750 F.2d 89, 102-03 (D.C. Cir. 1984) (holding that plaintiff's claims against the Library of Congress were not barred by sovereign immunity because there had been a waiver under the Administrative Procedure Act). Therefore, because the Library of Congress is protected by sovereign immunity, it cannot be compelled to respond to a subpoena issued by the Superior Court, absent a waiver. Ms. Miller has not pointed to any waiver, and the Government has admitted none.

A federal court, upon removal, has jurisdiction that is derivative of the State court. *Boron Oil Co.*, 873 F.2d at 70 (citing *Arizona v. Manypenny,* 451 U.S. 232, 242 (1981)). Thus, even if the action is removed to federal court, even this Court lacks jurisdiction to enforce a State court issued subpoena. *Id.* (holding that a State court issued subpoena could not be enforced against an employee of the EPA even after it was removed to federal court).

Because this Court's jurisdiction is identical to that of the Superior Court in this instance, it is beyond this Court's jurisdiction to enforce the Subpoenas, including by granting the Motion to Compel or the Motion for Writ of Mandamus. The Superior Court lacked jurisdiction to issue or enforce the Subpoenas because of sovereign immunity and removal to this Court cannot cure that jurisdictional defect.

Subpoenas arising out of State court litigation do sometimes issue against employees of federal agencies, in their personal capacity as opposed to in their role as a federal employee. *See In re Subpoena In Collins*, 524 F.3d 249, 252-53 (D.C. Cir. 2008). But the case *sub judice* is not such a case. In *Collins*, an employee of the Smithsonian Institution was subpoenaed in a tort suit to testify about one of his co-workers who had committed suicide. *Id.* at 250. The court found that the subpoena, while nominally directed at an employee of a federal agency, actually asked

for information in that person's individual capacity rather than his official capacity. *Id.* at 252. That is distinct from the instant case. Rather than a subpoena seeking testimony from a person in his or her individual capacity, the Subpoenas here are directed at an individual but seek official agency records. As such, these are subpoenas against a federal agency, issued by a State court; therefore, the Library of Congress is immune and the Subpoenas cannot be enforced against it.

### C. *Touhy* Regulations

The Supreme Court has recognized that agency heads may promulgate regulations withdrawing from employees the power to produce documents. *Houston Bus. Journal*, 86 F.3d at 1212 (citing *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 467–69 (1951)). Agencies may enact so-called *Touhy* regulations in accord with the Federal Housekeeping Statute, 5 U.S.C. § 301.

The *Touhy* regulations provide an administrative framework for requesting documents from the federal government. *Houston Bus.* Journal, 86 F. 3d at 1212 n.4. Under Library of Congress regulations, the proper process is to make a written request for the document to the Chief, Office Systems Services ("OSS"). 36 C.F.R. § 703.6(a) (2014). The Chief, OSS, has the option to deny the request and withhold the documents. § 703.6(f). The General Counsel reviews denials upon appeal and makes the final decision on whether the document should be withheld. § 703.6(g)-(h).

If a request is denied and the document withheld, there is no right to a direct appeal to a court. There are, however, two other potential courses of action. Under some circumstances, a litigant may file a claim in federal court challenging the denial under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq. Houston Bus.* Journal, 86 F. 3d at 1212 n.4. A litigant may also be able to file for a writ of mandamus against the agency head. *See Id.* at 1212

n.5. Irrespective of whether either of those options is available to Defendant in this case, if Defendant still seeks access to the documents in question she should first proceed by filing a proper request through the Library of Congress *Touhy* regulations. *Santini*, 456 F. Supp. 2d at 71.

The Library of Congress's *Touhy* regulations were created for the stated purpose of following the spirit of the Freedom of Information Act, 5 U.S.C. § 552, an act that does not otherwise apply to the Library. 36 C.F.R. § 703.1. The regulations represent an attempt to balance the efficient functioning of the agency with cooperation with State and local court proceedings. As the courts have validated this attempt, litigants must comply with these regulations prior to seeking redress through the courts. Defendant has not presented any evidence that she has attempted to proceed by the terms of the regulations. Even if she had done so, Defendant has not chosen a proper method to appeal an agency determination. For the above reasons, Defendant's Motion to Compel and for Writ of Mandamus will be DENIED and the Library of Congress's Motion to Quash will be GRANTED.

## CONCLUSION

Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole, it is hereby

**ORDERED** that Library of Congress's Motion to Quash be **GRANTED**,

**ORDERED** that Defendant's Motion to Compel and for Motion for Writ of Mandamus be **DENIED**,

**ORDERED** that Defendant's Motion for Hearing be **DENIED**,

**ORDERED** that Defendant's Motion to use PO Box be **GRANTED**, and

**ORDERED** that leave of court be **GRANTED** for Defendant's Motion for ECF Password for this case.

**SO ORDERED**.

Dated: 7/16/2014                                             /s/

ALAN KAY
UNITED STATES MAGISTRATE JUDGE